# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN HERRING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-0719 |
| | § | |
| OXY VINYLS L.P. and | § | |
| OXY VINYLS SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff, Kevin Herring, has moved to remand this employment discrimination suit to state court. Herring sued his former employer, Oxy Vinyls L.P. and Oxy Vinyls Services, Inc., asserting state-law causes of action for discrimination on the basis of his race and disability and for wrongful termination. Both Herring and his former employer are citizens of Texas. Months after Herring filed suit, defendants removed on the basis of complete preemption under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq*. Defendants argue that Herring's deposition testimony provided a basis for federal question removal jurisdiction. (Docket Entry No. 1).

Based on a careful review of the pleadings, the motion, response, and reply, the parties' submissions, and the applicable law, this court grants the motion to remand,

but declines to award fees for improper removal. The reasons for these rulings are stated below.

**I.     Background**

On August 17, 2004, Herring filed suit in state court, alleging that his December 2003 termination for violating company procedures violated state law. In his petition, Herring alleged that he had been diagnosed with multiple sclerosis in 1999 and that he also suffers from a heart condition. Herring alleged that defendants were aware of his medical conditions when they terminated his employment. Herring's state court petition stated in part as follows:

> Defendants terminated Plaintiff on December 11, 2003 for allegedly [sic] company procedures, of which Defendants had not made Plaintiff aware.
>
> Other similarly situated non-white employees without a disability or perceived disability violated company procedures and Defendants did not terminate these individuals. Defendants gave them warnings.
>
> Defendants terminated Plaintiff and discriminated and retaliated against Plaintiff in violation of the Texas Workforce Commission Civil Rights Division, f/k/a Texas Commission on Human Rights Act as amended because of Plaintiff's race (white) disability or perceived disability and because Plaintiff engaged in a protected activity or asserted his rights and requested accommodations pursuant to that Act. . . .

>> Plaintiff does not assert any federal claims in this proceeding. Additionally, Plaintiff is in no way seeking damages or remedies that may stem from a federal cause of action.

(Docket Entry No. 4, Ex. A, ¶¶ 4.3-4.5, 7-7.1).

On February 8, 2005, defendants deposed Herring and asked him about the basis for his claims. Herring testified that he believed he was discriminated against because of his medical condition and his race. The relevant portion of the deposition transcript reads as follows:

>> Q: Mr. Herring, you're claiming in this lawsuit that. . . the company has discriminated against you because you have been diagnosed with multiple sclerosis and some sort of heart arrhythmia, correct?
>> . . .
>>
>> A: I believe I was discriminated against. . . . I don't believe I was treated the same as others.
>> . . .
>>
>> Q: Do you believe that you were treated differently because you are white?
>>
>> A: I believe that is a possibility.
>>
>> Q: Do you believe you were treated differently because the company wanted to avoid paying you health insurance benefits?
>> . . .
>>
>> A: I have no way of knowing that.

(Docket Entry No. 6, Ex. A, pp. 127-28). Later in the deposition, defendants referred

3

to allegations in an EEOC charge that Herring had filed on January 19, 2004. Defendants argue that the following portion of Herring's deposition responses established complete preemption under ERISA, making the case removable:

> Q: (Referring to the EEOC charge). . . So you're claiming that you believe you were retaliated against for asserting benefits under ERISA, correct?
>
> A: That is what it says.
>
> Q: Is that one of your claims?
>
> [Counsel]: Objection. Form.
>
> A: I'm not an attorney, so I can't – I don't understand a lot of what these say.
>
> Q: Are you claiming that the company retaliated against you for asserting your rights to claim health insurance benefits?
>
> [Counsel]: Same objection.
>
> A: I'm claiming basically what it says, you know.
>
> Q: Are you claiming – is it your belief then, that the company terminated you to avoid paying you benefits?
>
> A: I think that could be the case.
>
> Q: Okay. And what makes you think that could be the case?
>
> A: I don't have anything specific that I can give you, you know, at this point in time.

> Q: It's just something you believe?
>
> A: That's correct.
>
> Q: Did anyone ever say anything to you that made you believe that you were being retaliated against for asserting rights to claim health insurance benefits?
>
> A: I can't state that one way or the other.
> . . .
>
> Q: Okay. But let me rephrase it, then. Has anyone that you know of who works or has worked for Oxy said anything to you that makes you believe that Oxy retaliated against you for making a claim for benefits, health insurance benefits?
>
> [Counsel]: Objection. Form.
>
> A: I have been told that – by other people that are still employed – most people that are still employed – that they would believe that I was fired because of multiple sclerosis.

(Docket Entry No. 6, Ex. A, pp. 160-62). Defendants argue that Herring admitted his contention that defendants fired him in order to deprive him of health insurance benefits. This court held a hearing on the motion to remand on May 27, 2005. During the hearing, defendants clarified that their only basis for removal is Herring's February 8, 2005 deposition testimony.[1]

---

[1] Herring makes several objections to defendants' reliance on Herring's elicited testimony about the EEOC charge. Herring notes that he filed suit in state court after he received a right-to-sue letter from the Texas Workforce Commission, Division of Civil Rights, not pursuant to a federal right-to-sue letter from the EEOC. (Docket Entry No. 4, Ex. 4, Ex. A, ¶ 5.1). Herring also notes

## II.     The Applicable Legal Standards

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a).  A notice of removal must be filed within thirty days of defendant's receipt of the initial pleading or, when "the case stated by the initial pleading is not removable," within thirty days of defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b); *Bosky v. Kroger Tex., L.P.,* 288 F.3d 208, 212 (5th Cir. 2002)(noting that under section 1446(b) the "other paper" must make federal jurisdiction "unequivocally clear and certain"). When a plaintiff challenges the propriety of removal, the defendant has the burden of showing the necessary facts to support the court's exercise of removal jurisdiction. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Miller v. Diamond Shamrock Company*, 275 F.3d 414, 417 (5th Cir. 2001).

District courts have original jurisdiction in cases that present a "federal question." 28 U.S.C. § 1331.  Generally, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal

---

that defendants had received the EEOC charge long before they filed their notice of removal. Herring's EEOC charge was filed on January 19, 2004 and given to defendants in February 2004. Although defendants had the EEOC charge when Herring filed this suit on August 17, 2004, defendants did not file their notice of removal until March 4, 2005. (Docket Entry No. 8).

law, in that the cause of action is created under federal law or the remedy depends on the resolution of a substantial question of federal law. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Under the well-pleaded complaint rule:

> whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute[,] . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Aetna Health Inc. v. Davila*, 524 U.S. 200, 207 (2004) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).

An exception to the well-pleaded complaint rule exists when a federal statute wholly displaces a state-law cause of action through complete preemption. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). The Fifth Circuit has explained the interplay among complete preemption, conflict preemption, and removal jurisdiction, as follows:

> [W]hen a complaint raises state causes of action that are completely preempted, the district court may exercise removal jurisdiction; but when a complaint contains only state causes of action that the defendant argues are merely conflict preempted, the court must remand for want of subject matter jurisdiction. When a complaint raises both completely preempted claims and arguably conflict preempted claims, the district court may exercise removal jurisdiction over the completely preempted claims and supplemental jurisdiction . . . over the remaining claims.

*Copling v. The Container Store*, 174 F.3d 594, 595 (5th Cir. 1999).

ERISA provides for conflict preemption under section 514 and for complete preemption under section 502. "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999). State-law actions displaced by the civil enforcement provisions of ERISA "can properly be removed to federal court even though ERISA preemption does not appear on the face of the complaint." *See Arana v. Ochsner Health Plan*, 338 F.3d 433, 438 (5th Cir. 2003) (en banc).

Complete preemption arises under ERISA's civil enforcement provisions when a state-law cause of action duplicates, supplements, or supplants one of the remedies provided in section 502.[2] *See Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987); *Aetna Health,* 524 U.S. at 207-08. "If an individual brings suit complaining

---

[2] Section 502(a)(1)(B) allows a plan participant or beneficiary to bring a civil action "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 502(a)(2) allows a plan participant or beneficiary to sue "for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Section 1109(a) in turn provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach .
> . . .

29 U.S.C. § 1109(a).

of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated . . . the individual's cause of action is completely pre-empted. . . ." *Aetna Health,* 524 U.S. at 208. The Supreme Court has held that section 502 is not limited to claims that seek to recover denied benefits; preemption may exist under ERISA's antidiscrimination provision in section 510. *See* 29 U.S.C. § 1140;[3] *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 145 (1990) ("there is no basis in § 502(a)'s language for limiting ERISA actions to only those which seek pension benefits"). Complete preemption exists when "the existence of a pension plan is a critical factor in establishing liability" and the defendant's legal duty to the plaintiff arises because of the existence of an ERISA plan. *Ingersoll-Rand Co.,* 498 U.S. at 139-140; *see also Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 379 (2002). A state-law wrongful termination/discrimination claim is completely preempted when

---

[3] Section 510 of ERISA states in part as follows:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . . The provisions of section 1132 of this title shall be applicable in the enforcement of this section.

29 U.S.C. § 1140.

9

that claim "ceases to exist" when stripped of its link to the ERISA plan. *See Rokohl v. Texaco, Inc.,* 77 F.3d 126 (5th Cir. 1996). No ERISA preemption occurs when the loss of pension benefits is a mere consequence, but not a motivating factor behind, the termination of benefits. *See Anderson v. Elec. Data Sys. Corp.*, 11 F.3d 1311, 1315 (5th Cir. 1994).

Conflict preemption under section 514 of ERISA applies to state-law claims that "relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a); *Mayeaux v. Louisiana Health Service and Indem. Co.,* 376 F.3d 420 (5th Cir. 2004). A state law may "relate to" a benefit plan even if the law is not specifically designed to affect such plans and the effect is only indirect. *See Ingersoll-Rand,* 498 U.S. at 139 (*citing Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987)). "A law 'relates to' an employee benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Ingersoll-Rand*, 498 U.S. at 139 (citations omitted).

### III. Analysis

Herring's state court petition filed on August 17, 2004 did not plead any federal cause of action. Defendants filed their notice of removal on March 4, 2005, based on Herring's testimony in his February 8, 2005 deposition. Defendants assert that Herring's responses to questioning by defense counsel establish the complete

preemption exception to the well-pleaded complaint rule.

The Fifth Circuit has held that "other paper" under the removal statute requires a voluntary act of the plaintiff. *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996); *Addo v. Globe Life & Accident Ins. Co.,* 230 F.3d 759, 762 (5th Cir. 2000)(to be an "other paper" within the meaning of removal statute a document "must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which [] support federal jurisdiction"). When deposition testimony is a voluntary act of the plaintiff, it may constitute an "other paper" allowing for removal. *S.W.S. Erectors*, 72 F.3d at 494; *see also Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir. 1992) (answers to interrogatories constitute voluntary acts sufficient to qualify as "other paper"); *Brinkley v. Universal Health Services*, 194 F.Supp.2d 597, 599 (S.D.Tex. 2002) (removal was appropriate based on facts developed at a deposition when plaintiff's counsel questioned the plaintiff's own expert witness about the defendants' failure to comply with a federal statute). However, when a defendant deposes a plaintiff, the responses may not be sufficiently "voluntary" so as to form a basis for removal. *See Debry v. Transamerica Corp.*, 601 F.2d 480, 487 (10th Cir. 1979)(removal was not appropriate when the deposition statements relied upon were "noncommittal" and the plaintiff "gave as little information as he could"). In most cases, "a plaintiff's deposition testimony, when procured by

examination from the defendant's counsel, is not a sufficient basis for removal." *Hammann v. United Services Auto. Ass.*, 2005 WL 354315 (W.D.Tex.) (citing *Brinkley,* 194 F.Supp.2d at 600 and *Campos v. Housland, Inc.,* 824 F.Supp. 100 (S.D.Tex. 1993)). A defendant may rely on a plaintiff's answers to deposition questions when the elicited responses provide omitted jurisdictional facts or clarify insufficient factual allegations in the plaintiff's complaint. *See S.W.S. Erectors,* 72 F.3d at 491 (when the complaint did not allege a specific amount of damages the deposition testimony of plaintiff's president about alleged damages was "other paper" because the testimony clarified the amount in controversy, which the original complaint did not identify).

In the context of ERISA preemption, if the complaint does not contain "factual allegations regarding why the termination was wrongful," the plaintiff's deposition testimony may be a basis for removal. *See Felton v. Unisource Corp*., 940 F.2d 503, 507 (9th Cir. 1991) (removal was appropriate based on the plaintiff's deposition testimony when the plaintiff's complaint contained no factual allegations or legal theory for the wrongful termination claim and the "deposition testimony explained the factual basis for the complaint and made it apparent that the action falls into the complete preemption area of ERISA"); *see also Peters v. The Lincoln Electric Co.*, 285 F.3d 456, 466 (6th Cir. 2002)(removal was appropriate when deposition testimony

clarified that allegations of "broken promises" in the plaintiff's original petition were based on the defendant's decision to discontinue the plaintiff's coverage under an ERISA benefit plan).

In this case, there are no pleading inadequacies that justify reliance on Herring's deposition testimony for removal. Defendants do not argue that the "factual allegations regarding why the termination was wrongful" are unclear in Herring's original petition. Herring alleged that he was fired because of discrimination based on his race (Caucasian) and his disability or perceived disability (multiple sclerosis and a heart condition). He alleged that the reason used to justify his firing (violating a company procedure) was a pretext for unlawful discrimination. He alleged disparate discipline as evidence of pretext and unlawful discrimination, because other, similarly-situated employees who had violated the same company procedure were only warned, while he was fired. Herring's state court petition does not present unclear or incomplete factual allegations as to the basis of his unlawful employment discrimination and termination claim. Under the applicable law, Herring's deposition testimony, elicited by opposing counsel, is not a sufficient basis for removal.

The substance of Herring's deposition testimony is also insufficient to support removal on the basis of ERISA preemption because it does not establish that his claims primarily seek enforcement of, or relief under, ERISA. In *Ingersoll-Rand*, the

Supreme Court held that a state-law wrongful termination claim is completely preempted when liability hinges on the existence of an ERISA plan. 498 U.S. at 139-41. In that case, the plaintiff was laid off and sued his former employer in Texas state court, alleging that he was fired so that the employer could avoid making contributions to his pension fund, which would have vested in another four months. *Id.* at 135-36. ERISA preempted the plaintiff's state-law wrongful discharge claim because the plaintiff had no cause of action absent the ERISA plan. *Id.* at 139-40.

In *Rokohl v. Texaco, Inc.,* 77 F.3d at 127, the court held that a state-law based wrongful termination or discrimination claim is only preempted by ERISA if that claim "ceases to exist" when stripped of its link to the ERISA plan. In *Rokohl,* the plaintiff alleged that he was wrongfully discharged because of his disability, in violation of the Texas Commission on Human Rights Act ("TCHRA"). He also alleged that he was discharged in order for the defendants to avoid paying him maximum retirement benefits, in violation of ERISA. *Id*. at 127. The court noted that the Texas statute was "a generally applicable statute that makes no reference to . . . [and] functions irrespective of, the existence of an ERISA plan." *Id.* Even though the plaintiff had expressly alleged that his employer was motivated, in part, to terminate him to avoid paying ERISA benefits, the Fifth Circuit held that complete preemption did not exist. The court explained that:

14

> the heart of Rokohl's claim is that he was wrongfully discharged by Texaco on the basis of his disability . . . . Indeed, Rokohl's cause of action would pertain even if Texaco had not maintained an ERISA plan at all . . . . As such, the connection between Rokohl's claim and Texaco's ERISA-qualified plan is too remote and tenuous to warrant preemption. [I]f we were to accept Texaco's argument that ERISA preempts Rokohl's TCHRA claim, we would effectively permit Texaco to hide behind its ERISA plan in avoidance of state anti-discrimination laws.

*Id.* at 130.

Other courts have reached similar results. *See, e.g., Rozzell v. Security Services, Inc.*, 38 F.3d 819, 823 (5th Cir. 1994) ( holding that the wrongful termination action was not preempted by ERISA because "the loss of benefits is 'merely an element in damages related to a claim for wrongful discharge'") (citations omitted); *Tompkins v. United Healthcare of New England, Inc.*, 203 F.3d 90, 97 (1st Cir. 2000) (state-law claims that target conduct unlawful under the ADA are not preempted by ERISA); *Nowoc v. Rheem Manufacturing Co.*, 772 F. Supp. 977, 979 (S.D. Tex. 1991); *Samuel v. Langham,* 780 F. Supp. 424, 427 (N.D. Tex. 1992) ("No ERISA cause of action lies when the loss of employee benefits is a mere consequence of, but not a motivating factor behind, the termination of employment."); *Hammann,* 2005 WL 354315, *9 (W.D. Tex.) (plaintiff asserted age discrimination under state law as the basis for his wrongful termination claim; deposition testimony that he thought his proximity to retirement benefits was "a significant part of the decision to let me and others similarly

situated go" did not establish complete preemption to support removal); *Nuzzo v. Verizon New York, Inc.,* 2004 WL 1872708 (S.D.N.Y.) (remanding because the plaintiff had alleged age discrimination under a generally applicable state antidiscrimination law and his claim was not premised on the existence of an ERISA plan).

The court's discussion in *Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 974 (9th Cir. 1993), is also instructive. The plaintiff sued his former employer in state court, alleging that he had been wrongfully terminated as the result of an error committed by a separate department in the company. The plaintiff had neither pleaded nor sought recovery for a claimed violation of his ERISA rights. The legal theory asserted in his complaint was that he had been treated as a scapegoat. Defense counsel deposed the plaintiff and questioned him, as follows:

> Q: Do you contend in this litigation . . . that [defendants] terminated you for the purpose of avoiding the vesting of your pension rights?
>
> A: Among other reasons, probably.
>
> Q: . . . Do you have any facts to support your belief that one of the reasons that [defendants] terminated you was to save the money that they would otherwise have to pay you in retirement benefits?
>
> A: Well, I remember [a supervisor] making a big issue out of this and telling me that I had no concern, that I would get it, and that's not what happened by the way I was – by what

>happened later on. I was told I wasn't going to get it.
>
>Q: The conclusion that you draw from that fact is that one motivation of [defendants] in terminating you was to deny you your retirement benefits?
>
>A: That's what happened.
>
>Q: And that is your understanding?
>
>A: Yes.

*Id.* at 972. Defendants removed, asserting ERISA preemption on the basis of the plaintiff's deposition testimony. The court remanded, emphasizing that the plaintiff's asserted reason for his termination – the scapegoat theory – was independent of ERISA. The court noted that a "defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.*(quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). In response to questioning by defense counsel, the plaintiff had merely stated in his deposition that "the deprivation of benefits was 'probably' one reason for his termination." The court explained that the "testimony shows itself to be nothing but the speculation of a person who feels himself wrong" and did not show that the asserted claim depended on the existence of an ERISA plan. *Id.* at 974. The court concluded that "[t]o find federal jurisdiction in this case we would have to insist that

it can be based upon nothing more than some speculative answers to clever questioning during the heat of a deposition." *Id.*

Here, as in *Rokohl,* the "heart" of Herring's claim is that he was wrongfully discharged because of his race and disability or perceived disability. Like the plaintiff in *Karambela*s, Herring speculated during his deposition, in response to a specific question by defense counsel, that a possible reason for his discharge might have been to deprive him of ERISA benefits. Defense counsel asked Herring: "[d]o you believe you were treated differently because the company wanted to avoid paying you health insurance benefits?" Herring responded, "I think that could be the case . . . I have no way of knowing that. . . . I have been told that – by other people that are still employed . . . that they would believe that I was fired because of multiple sclerosis." (Docket Entry No. 6, Ex. A, pp. 128, 160-62). At most, the deposition testimony shows that Herring was not willing to rule out the possibility that among the reasons for his termination was defendants' desire to avoid paying him benefits. Herring did not allege this in his petition or rely on it as a basis for relief. Rather, he alleged that his job termination was unlawful for reasons independent of any ERISA violation or plan. This is an insufficient basis for removal jurisdiction. *Compare Felton,* 940 F.2d at 507 (plaintiff stated during deposition that claims arose out of his employer's desire to avoid medical insurance payments and failed to offer any other theory in support of the

wrongful termination claim).

The motion to remand is granted.

## IV.  The Motion for Attorney's Fees

Section 1447 (c) authorizes the court to "require payment of just costs and any actual expenses, including attorney fees incurred as a result of removal." 28 U.S.C. § 1447(c). "Central to the determination of whether attorneys' fees should be granted is the propriety of the defendant's decision to remove." *Garcia v. Amfels, Inc.,* 254 F.3d 585, 587 (5th Cir. 2001). In applying section 1447 (c), "[t]he matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand." *Id.* at 587 n.2 (citations omitted).

In *Garcia*, the defendant removed a suit asserting state-law wrongful death claims on the basis of preemption under the Longshore Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C.A. § 933(g). The Fifth Circuit affirmed the district court's award of costs and fees imposed on the ground that removal based on LHWCA was frivolous. The court noted that defendant was "unable to city any Fifth Circuit case, nor any persuasive authority from another circuit, supporting removal." *Id.* at 588.

Herring seeks attorney's fees based on defendants' "improvident if not improper" removal. The lack of federal removal jurisdiction in this case is not so obvious as to warrant an award of attorney's fees. *See Miranti v. Lee*, 3 F.3d 925, 928

(5th Cir.1993).  State law actions displaced by the civil enforcement provisions of ERISA can be removed to federal court even though a plaintiff does not allege causes of action under ERISA in the state court.  *Arana,* 338 F.3d at 438.  Federal courts have recognized that in the context of ERISA preemption, it may be appropriate to consider the plaintiff's deposition testimony.  Although defendants' preemption argument was unsuccessful, it was not frivolous.

Herring's request for attorney's fees is denied.

## IV.   Conclusion

Herring's motion to remand is granted.  This case is remanded to the 215th Judicial District Court of Harris County, Texas.

SIGNED on July 8, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge